**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN GONZALEZ-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3386 <br><br> Agency No. A206-408-954 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024**
San Francisco, California

Before: S.R. THOMAS, WARDLAW, and COLLINS, Circuit Judges.

Petitioner Martin Gonzalez-Martinez, a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

denying his motion to reopen his removal proceedings based on changed country

conditions in Mexico. We have jurisdiction under § 242 of the Immigration and

Nationality Act, 8 U.S.C. § 1252. We review the denial of a motion to reopen for

abuse of discretion. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

2023).  Under this standard, we must "uphold the [BIA's] ruling unless it acted arbitrarily, irrationally, or contrary to law." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004) (simplified).  We deny the petition.

Petitioner's motion to reopen was filed more than 90 days after the agency issued its final order of removal on June 3, 2016, and therefore, his motion was not timely.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C).  Petitioner contends, however, that his motion falls within an exception to the 90-day window for applications seeking asylum or withholding of removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." *Id*. § 1229a(c)(7)(C)(ii).  To successfully invoke this exception, Petitioner must "(1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) demonstrate prima facie eligibility for the relief sought." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 (9th Cir. 2022) (simplified).

The BIA did not abuse its discretion in concluding that Petitioner had failed to present evidence showing a material change in country conditions in Mexico or prima facie eligibility for relief.  The applicable statutory provision specifies that a "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other

2

evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); *see also* 8 C.F.R. § 1003.2(c)(1) (same). The BIA's regulations likewise specifically state that any motion to reopen "for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). Petitioner did not comply with these mandates; instead, he block-quoted purported portions of articles and a country conditions report and referred to a declaration that he did not attach to his motion. Petitioner did not present any website links to his sources, and at points, his citations were opaque and incomplete. The BIA permissibly concluded that quoting vaguely cited source material in a brief, without any declaration or presentation of the underlying materials, does not constitute "evidence" within the meaning of the statute. Because the motion was not properly supported as required by the statute and regulations, the BIA's denial of Petitioner's motion was not an abuse of discretion.

**PETITION DENIED.**